# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN KESTER<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>　　　　　　　　　Defendant. | CASE NO. 08CV1424-LAB (WMc)<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

　　On August 5, 2008, Plaintiff filed her complaint, along with an application to proceed *in forma pauperis* (the "IFP Application") and an application to appoint counsel. Under 28 U.S.C. § 1915(a)(1), the Court may waive the required filing fee and permit a plaintiff to proceed *in forma pauperis* ("IFP") without paying the required filing fee. This same section, however, requires a plaintiff to submit certain documentation showing she is unable to pay the filing fee, including an affidavit showing what assets she possesses. The affidavit must also state the nature of the action and her belief that she is entitled to redress.

　　Plaintiff's affidavit shows she receives monthly disability payments of $949.00 monthly and has $33.92 in savings. She was last gainfully employed in 1996 and owns a 2004 Chevrolet Classic outright. She also states her disability payments are subject to a U.S. Treasury Department offset of $143.00 per month, but does not explain whether this is in

/ / /

satisfaction of her debt to the U.S. Department of Education[1] or for some other purpose. As part of her application for appointment of counsel she states she lives in H.U.D. housing, but does not state what rent, if any, she pays. She has no dependents. She provides no other details of the amount of her monthly expenses except to say she has medical bills and will submit the amount later.

Neither the complaint nor any other documentation explains the nature of the action adequately, nor does Plaintiff provide the required statement that she believes she is entitled to redress. The allegations in the complaint are simply:

> Plaintiff alleges: need for total and permanent disability discharge and cancellation of all student loans and removal from Treasury offset of my social security payment — immediately!

(additional capitalization omitted). This explains what relief Plaintiff wants, but does not explain why she is entitled to it.

Department of Education regulations set forth an administrative process described in 34 C.F.R. § 682.402(c) for debtors who are permanently totally and permanently disabled as defined in 34 C.F.R. § 682.200(b). While Plaintiff states she is receiving disability payments, there is no claim she is disabled as defined in 34 C.F.R. § 682.200(b). Nor has she stated whether or not she has followed the required administration process. It is therefore unclear whether Plaintiff is appealing an administrative decision or whether she is attempting to bypass the application process and is asking this Court to make the adjudication in the first instance (in which case there is no apparent reason why this Court would have jurisdiction).

While a plaintiff need not be completely destitute before being permitted to proceed IFP, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948), a plaintiff may be required to make partial payment of the filing fee if she can do so without depriving herself or her dependents of the necessities of life. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989); *see also Butler v. Leen*, 4 F.3d 772, 773 (9th Cir. 1993)

---

[1] In her application for appointment of counsel, Plaintiff states she owes approximately $350,000 to the U.S. Department of Education, but does not state what payments her loan agreement requires her to make — whether $143.00 or some other amount.

(noting with approval district court had granted plaintiff leave to proceed IFP but had required him to pay a partial filing fee). A plaintiff seeking to proceed IFP must state facts showing her poverty "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981). Plaintiff has not provided enough information from which the Court can determine whether she is unable to pay the filing fee at all, or whether she should be required to make partial payment. In addition, Plaintiff has not included the required statement of the nature of the case or statement that she believes she entitled to redress.

For these reasons, Plaintiff's IFP Application is denied. Plaintiff may, no later than **30 calendar days from the date this order is issued**, submit a new application to proceed IFP that corrects the deficiencies this order describes. She may explain the nature of the case either by filing an amended complaint or else by submitting a statement of the nature of the case and her belief she is entitled to redress. The Court will rule on Plaintiff's application for appointment of counsel after Plaintiff makes the nature of her case clear.

**If Plaintiff wishes to proceed with this case, she must either pay the filing fee or submit a new IFP application within the time permitted. If she fails to do so, this action will be dismissed without prejudice, without further notice to her.**

**IT IS SO ORDERED**.

DATED: August 22, 2008

*Larry A. Burns*
_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge